**ROKAP CORPORATION v. LAMM et al.**
**No. 4022.**

Circuit Court of Appeals, Fourth Circuit.
Oct. 6, 1936.

Rehearing Denied Nov. 9, 1936.

A. D. Caesar, of Philadelphia, Pa. (Caesar & Rivise, of Philadelphia, Pa., and Wm. C. Coulbourn, of Richmond, Va., on the brief), for appellant.

Samuel E. Darby, of New York City (Herbert J. Jacobi, of Washington, D. C., and Emanuel E. Ottenheimer, of Baltimore, Md., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The patent in suit, No. 1,830,768, issued to Rod on November 10, 1931, on an application filed January 5, 1927, relates to the art of making garments and is designed to provide an improved garment edging by affixing a lining and a stiffening fabric to the free edge of the garment by machine stitching, to be used particularly in the manufacture of the waist band of trousers. The patent covers the method of manufacture and also the product thereof. The charge of infringement by defendant was not contested, but the suit was defended on the ground that the patent was invalid; and this defense was sustained by the opinion of the District Court, 10 F.Supp. 219, on the grounds amongst others of prior use by the defendant and lack of patentable invention.

A waist band for trousers includes three plies of material, the cloth of the garment, the lining material, and disposed between them, a layer of canvas which serves as a stiffener. Two methods for uniting the three plies have been commonly employed, designated in this case as the hand-felling method and the blind seam method of attaching waist bands to trousers. In the first a layer of canvas is superimposed upon a layer of cloth and the edge of the cloth is turned over so as to inclose the edge of the canvas and the plies are sewed together by machine along this edge. The lining is then applied with an inturned edge placed slightly below the inturned edge of the cloth and is sewed thereto by hand. The lining is also turned in at a lower point and sewed by machine to the canvas. The result is that the waist band consists of five layers of material at the edge, two of cloth, two of lining, and between them, one of canvas; and the stitching at the edge appears only on the inside of the completed garment.

In the blind seam method, the three plies are imposed one upon the other, the lining lying between the cloth at the bottom and the canvas at the top. The edges are aligned and stitched together by a machine. Then the layers are turned over the cloth to one side and the canvas and lining to the other, with the result that the canvas lies between the cloth and the lining and a turned over edge is produced consisting of two layers of each of the materials employed or six in all, and the machine stitching is concealed from view. This method has the great advantage of speed, since only machine stitching is used; but it also has the great disadvantage that the canvas is folded over and doubled with the other plies so that there are six thicknesses of material and the topmost edging of the garment is relatively thick and bulky and lacks a well-defined and uniform straight line.

The object of the patent is to provide a method wherein the advantages of the hand sewn garment can be secured in the machine sewn article. This is accomplished by arranging the material so that the overturned edge of the cloth incloses the free edge of the canvas and by superimposing the overturned edge of the lining upon the cloth a little below the overturned edge thereof. The next step is to feed the materials to a sewing machine and to apply a line of so called zigzag stitches to the

edge so that the upper end of each stitch penetrates the cloth and the canvas and the lower end of each stitch penetrates the three materials. In the finished garment, the stitching appears on the inside of the waist band and, being diagonal to the line of the edge, has the appearance of hand sewing. Moreover, the canvas is not folded over, and hence there are only five thicknesses of material as in the hand sewn method.

There was nothing new in the final arrangement of the material in the patented method or in the use of zigzag machine stitching in the construction of waist bands for trousers. So we find that claim 4 of the patent, covering the article of manufacture, describes the disposition of the materials and the row of zigzag stitches as stated above and concludes by stating that the stitches alternately engage "one of said inturned edges to said stiffening fabric and both of said inturned edges to said stiffening fabric"; and claim 8, covering the method of manufacture, describes the formation of a garment edging by lapping a plurality of fabrics and a stiffener and "alternately stitching through both said fabrics and said stiffener, and then through but one of said fabrics and said stiffener, and folding one of said fabrics relatively to said stiffener." It is apparent that the novelty claimed consists of the provision for the alternate zigzag stitching described in the quoted language of the claims.

The prior use set up by the defendant and sustained by the District Court is described in the following statement: In the actual manufacture of waist bands for trousers, whether or not the method of the patent is employed, it is customary to use a prepared waist band material (or curtain) consisting of a layer of canvas superimposed upon a layer of lining material, the two layers being secured together by a line of sewing near one edge. The defendant used such material in its prior use, which antedated the method of the patent. The curtain was superimposed upon the cloth with the free edge of the lining in alignment with the free edge of the cloth, and these were sewn together by straight stitching with one-eighth or one-fourth inch seam. The canvas was then turned towards this sewed edge and a zigzag stitching was applied along the blind seam so that one stroke of the needle pierced the cloth and the canvas and the other stroke pierced all three materials.

The plaintiff urges that there are defects in the testimony proving this prior use, but the finding of the District Court was to the contrary, and an examination of the record justifies this conclusion. The plaintiff also contends that there are certain differences between the prior use and the method of the patent, that is, in the latter the lining material of the curtain used is wider than the stiffening canvas, all the edges to be connected are arranged under the needle at one time, and a single application of zigzag stitches completes the top of the waist band; while in the prior use method, there are two handlings of the materials, one before the straight stitching operation and the second before the zigzag stitching is applied and two sewing operations. But for our purposes, these differences are unimportant for the features of the patented method referred to are not covered by the patent. The plaintiff itself has recognized that the differences are immaterial, because they also appear in the present commercial method used by the defendant, relied upon to show infringement.

It is equally clear that the patent is invalid, as the District Court found, for want of patentable invention. It was old to make a waist band of the materials described and to assemble them in the final arrangement shown by the patent, and likewise old to sew the materials together by straight or zigzag stitches. The only novelty resides in the peculiar form of zigzag stitching disclosed, and the only new result obtained is that the garment bears an imitation of hand sewing which makes it more acceptable to the trade. It is true that there have been substantial savings in the use of the method upon an unpatented machine, and that many manufacturers have paid a small annual license fee to the owner of the patent; but these considerations are in themselves insufficient, since the mechanical or technical ingenuity involved was well within the ordinary skill of one versed in the art and did not rise to the dignity of invention recognized by the statute.

Affirmed.